United States District Court
Southern District of Texas
**ENTERED**
January 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| A & R ENGINEERING AND TESTING, INC., § § § | |
| *Plaintiff*, § § | |
| v. § | CIVIL ACTION NO. 4:21-CV-03577 |
| § | |
| CITY OF HOUSTON and § KEN PAXTON, *in his official capacity* § *as Attorney General of Texas*, § § | |
| *Defendants*. § | |

## ORDER ON TEMPORARY INJUNCTION

This Court, having found that Plaintiff A&R Engineering and Testing, Inc. ("Plaintiff" or "A&R") has satisfied all of the necessary elements to maintain a lawsuit and to obtain a Temporary Injunction, hereby grants its Motion for Preliminary Injunction. (Doc. No. 7).

### I.

A preliminary injunction is an extraordinary remedy that should only be granted if the movant has clearly carried the burden of persuasion on all four factors. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). The movant need not prove its entire case. *Lakedreams v. Taylor*, 832 F.2d 1103, 1109 (5th Cir. 1991). The Court, having found that Plaintiff has carried its burden for the reasons set forth in the accompanying Order, (Doc. No. 33), hereby grants a preliminary injunction.

The Defendant City of Houston ("Houston") is hereby enjoined from including, in its proposed contract with Plaintiff, the clause found in Subsection 2.19.1 of the contract's current draft. With this exception, Houston and Plaintiff are free to negotiate (or not) the terms of Plaintiff's further employment. The State of Texas is hereby enjoined from attempting to enforce

Chapter 2271 of the Texas Government Code as to either Plaintiff or Houston in the negotiation or performance of the contract for Professional Materials Engineering Labor and Services (found in Doc. No. 7-1), if and when it is executed.

The Court has considered the issue of security as per Rule 65(c) of the Federal Rules of Civil Procedure. It finds that neither Defendant will suffer any financial loss that warrants the need for Plaintiff to post security. The Fifth Circuit has held that the district court has the discretion to "require no security at all" and this Court exercises that authority based upon the record currently before it. *See e.g., Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996); *see also Corrigan Dispatch v. Casa Guzman, S.A.*, 569 F.2d 300 (5th Cir. 1978).

The Court denies Plaintiff's request for an injunction that has broader application for a number of reasons. Initially, the Court has noted that the record in this case is far from extensive. Second, Plaintiff has never exercised the rights it seeks to protect, has no current plan to exercise such rights, and could not even detail for the Court what its plans might entail. That being the case, the Court has no record of (or even a feel for) the effects that a broader injunction might engender. Moreover, A&R has agreed to contracts in the past that contain somewhat similar prohibitions to the primary provisions of Chapter 2271. Even the contract it now seeks to sign contains a similar prohibition. While this does not disqualify Plaintiff from obtaining this injunction, it does make it a less than representative plaintiff on which to base a statewide injunction.

The purpose of a preliminary injunction is to maintain the status quo until a full hearing on the merits can be held. This injunction does that. The parties have not briefed, and the Court has not received evidence, as to what the consequences would be of a broader injunction. Moreover, given the broad nature of the remedy that Plaintiff has requested, the Court would have to fix a sizable bond that would well exceed any amount Plaintiff would ever receive as a result of this

contract. On this record, broad relief is not needed to maintain the status quo and is not warranted by the facts or existing case law. In other words:

> We are required in First Amendment cases to carefully review the record, and the reach of our opinion here is limited by the particular facts before us. As we have noted, 'the sensitivity and significance of the interests presented in clashes between First Amendment and [state law] rights counsel relying on limited principles that sweep no more broadly than the appropriate context of the case.'

*Snyder v. Phelps*, 562 U.S. 443, 460 (2011) (quoting *Florida Star v. B.J.F.*, 491 U.S. 524, 533 (1989)). A pretrial injunction is an extraordinary remedy, and it should be narrowly tailored to the circumstances. *Madsen v. Women's Health Center, Inc.*, 512 U.S. 753, 761 (1994). This one is.

## II.

The parties are ordered to meet and confer to formulate a plan to govern this case through its conclusion. This proposed plan should be filed by March 4, 2022. The Court will thereafter schedule a conference call to discuss an appropriate scheduling order.

Signed at Houston, Texas, this 28th day of January, 2022.

Andrew S. Hanen
United States District Judge